## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PENNSYLVANIA NATIONAL            :
MUTUAL CASUALTY INSURANCE        :
COMPANY,                         :
                                 :        No. _____
            Plaintiff,           :
                                 :
v.                               :
                                 :
ZONKO BUILDERS, INC., a          :
Delaware Corporation,            :
SALT MEADOWS TOWNHOMES        :
CONDOMINIUM ASSOCIATION OF       :
OWNERS, and SALT MEADOWS         :
HOMEOWNERS ASSOCIATION, Inc.     :

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Pennsylvania National Mutual Casualty Insurance Company, by and

through its counsel, Arthur D. Kuhl, Esquire, hereby alleges as follows:

### PARTIES

1.  Plaintiff, Pennsylvania National Mutual Casualty Insurance Company Insurance

    Company (hereinafter "Penn National"), is a corporation organized and existing

    under and by virtue of the laws of the Commonwealth of Pennsylvania with its

    principal place of business located in Harrisburg, Pennsylvania.

2.  At all times relevant hereto, Penn National engaged in the business of, among

    other things, underwriting commercial liability insurance and was authorized to

    conduct business in the State of Delaware.

3.  Defendant Zonko Builders, Inc. (hereinafter "Zonko") is a Delaware corporation

with its principal place of business located at 37116 Lighthouse Road, Selbyville, DE 19975 And may be served by serving its registered Agent Charles A. Zonko, at the same address.

4. Defendant Salt Meadows Townhomes Condominium Association of Owners is an unincorporated association of owners with its principle place of business in Delaware may be served by serving Salt Meadows Homeowners Association, Inc.'s registered agent John O Valliant at 36463 Rodney Lane, Selbyville DE 19975.

5. Corporate Defendant  Salt Meadows Homeowners Association, Inc. is a Delaware Corporation, and may be served by serving its registered agent John O Valliant at 36463 Rodney Lane, Selbyville DE 19975

6. Penn National issued a series of General Liability Insurance a (GL) Exhibit "A" and Umbrella Liability Insurance (UL) Exhibit "B" policies to Zonko from August 1, 2005 to August 1, 2014 (hereinafter the "policy").

7. All references to policy language refer to the policy in place in the final policy year as no covered event in any policy period has been identified. In the event that a viable claim is made for an earlier policy period, and for which the statute of limitations has not already expired, Plaintiff reserves the right to amend this Declaratory Judgment Action as necessary to cite to policy language and exclusions for that particular policy period.

## JURISDICTION

8. Plaintiff, by way of being incorporated in the Commonwealth of Pennsylvania

and having its principal place of business in the Commonwealth of Pennsylvania

is a citizen of the Commonwealth of Pennsylvania.

9.  Corporate and Association Defendants are incorporated in Delaware and/or have

their principal place of business in Delaware.

10. The amount in controversy for the matter is in excess of $75,000.00, as disputed

claims of over ten million dollars have been claimed in a pending lawsuit filed by

the subject homeowner's association and individuals' owners, against Zonko  in a

Superior Court case captioned C.A. No.: S17C-05-018 RFS claiming negligent

construction, breach of contract, breach of express warranty and breach of implied

warranty. Exhibit "C"

11. This Court has subject matter jurisdiction over this matter and can obtain personal

jurisdiction over the parties pursuant to 28 U.S.C. §1332 through diversity of

citizenship.

## **FACTS**

12. Zonko was hired as general contractor to perform new development construction

work at Salt Meadows Townhomes Condominium in Fenwick Island, Delaware

(hereinafter the "property") between early 2005 and May 2007 (hereinafter the

"project").  The property consists of five buildings (buildings A-E) with four units

per building.

13. In addition to serving as general contractor, Zonko also performed construction

and supervision work related to the project, including but not limited to the

installation of siding, house wrap and flashing on the property on all building with

claimed defects.

14. Thereafter, in 2016, the Salt Meadows Townhomes Condominium Association of Owners and individual members of the Association (hereinafter the "claimants") claimed alleged defects in Zonko's construction work, resulting in among other things, water, and moisture penetration (hereinafter the "damage").

15. The claimants filed suit against Zonko on or about May 31, 2017 in the Superior Court of Delaware. (Salt Meadows Superior Court action)

16. Discovery in the underlying case failed to reveal to what extent the claims, if any, are covered under any Penn National Policy or Policies.

17. Discovery in the underlying case failed to reveal to what extent claimed defective work was performed by a subcontractor.

18. Discovery in the underlying case failed to reveal that an "occurrence" took place.

19. Discovery in the underlying case failed to reveal that an "occurrence" took place that caused property damage.

20. Discovery in the underlying case failed to reveal that an "occurrence" took place that caused in property damage during a Penn National policy period.

**COUNT I**
**THERE WAS NO OCCURRENCE**
**DURING ANY PENN NATIONAL POLICY PERIOD**

21. Plaintiff incorporates by reference the allegations of paragraphs 1 through 20 as being fully stated herein.

22. The Penn National policy language limits coverage to damages caused by an "occurrence".

23. Occurrence is defined in the GL policy as:

13. 'Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. An accident shall include "property damage" to other than "your work" arising from "your work".

24. There is an identical definition in the UL policy.

25. There was no "occurrence" under the policy triggering coverage.

26. Under the terms of the Penn National policy there is no coverage for the claims in the Salt Meadows Superior Court suit as there was no occurrence triggering any Penn National policy.

WHEREFORE, Plaintiff Pennsylvania National Mutual Casualty Insurance Company demands that a Declaratory Judgment be entered ruling that:

(a) Penn National provides no liability coverage for any claims raised in the Salt Meadows Superior Court action.

(b) Penn National has no obligation to provide any defense or indemnity to Zonko for any claims raised in the Salt Meadows Superior Court action.

(c) If there is any covered claim, to what claims are covered under which Penn National policy period.

(d)  If there is any covered claim, separate identification of any claimed damage related to that covered claim

### COUNT II
### NO "PROPERTY DAMAGE" DURING
### ANY PENN NATIONAL POLICY PERIOD

27. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 as being fully stated herein.

28. The policy at issue limits coverage for "property damage" which occurs during a policy period and states in the GL policy:

**Section I Coverage**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**
**LIABILITY**
b.  This insurance applies to … "property damage" only if:

. . .

(2) the . . . property damage occurs during the policy period.

29. There is an identical language in the UL policy.

30. The last Penn National policy period ended August 1, 2014.

31. The Salt Meadows Superior Court Suit alleges that a claim for "property damage

was made on January 25, 2017.

32.  As January 25, 2017 was after the termination of any Penn National policy

covering Zonko,  any "property damage" triggered by notice to Zonko is outside

of any Penn National policy period.

33. Under the terms of the Penn National policy there is no coverage for the claims in

the Salt Meadows Superior Court suit as there was no occurrence during any Penn

National policy period.

WHEREFORE, Plaintiff Pennsylvania National Mutual Casualty Insurance

Company demands that a Declaratory Judgment be entered ruling that:

(a) Penn National provides no liability coverage for any claims raised in the Salt

Meadows Superior Court action.

(b) Penn National has no obligation to provide any defense or indemnity to Zonko

for any claims raised in the Salt Meadows Superior Court action.

(c) If there is any covered claim, to what claims are covered under which Penn

National policy period.

(d)  If there is any covered claim, separate identification of any claimed damage

related to that covered claim

6

## COUNT III
## "YOUR PRODUCT" AND "YOUR WORK" EXCLUSION

34. Plaintiff incorporates by reference the allegations of paragraphs 1 through 33 as being fully stated herein.

35. The damages claimed in the Salt Meadows Superior Court suit are for damages to Zonke's "own product" and "own work" or arising out of Zonko's work and were not performed by a subcontractor and are not covered under the Penn National policy.

36. The Penn National policy at issue states in part:

**2. Exclusions**

**k. Damage to Your Product**
"property damage" to " your product" arising out of it or any part of it.

**l. Damage to Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in the "products completed operation hazard".
This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

37. There is an identical language in the UL policy.

38. Under the terms of the Penn National policy there is no coverage for the claims in the Salt Meadows Superior Court suit to the extent the claims are to or arise out of Zonko's own work thereby not triggering any Penn National policy.

WHEREFORE, Plaintiff Pennsylvania National Mutual Casualty Insurance Company demands that a Declaratory Judgment be entered ruling that:

(a) Penn National provides no liability coverage for any claims raised in the Salt Meadows Superior Court action.

(b) Penn National has no obligation to provide any defense or indemnity to Zonko for any claims raised in the Salt Meadows Superior Court action.

(c) If there is any covered claim, to what claims are covered under which Penn National policy period.

(d)  If there is any covered claim, separate identification of any claimed damage related to that covered claim

**COUNT IV**
**THE SUB CONTRACTORS EXCEPTION TO "OWN WORK"**
**POLICY EXCLUSION DOES NOT APPLY TO THE LOSS**

39. Plaintiff incorporates by reference the allegations of paragraphs 1 through 38 as being fully stated herein.

40. The policy states, in part in:

**Commercial General Liability Endorsement**

**I. Damage to Your Work** (f), any property damage to "your work" shall be deemed to be caused by an "occurrence" but only if:
(1) The "property damage" is the result of work performed on your behalf by a subcontractor(s) that is non-Named Insured.

41. The claimants have alleged, and it appears upon information and belief, most. If not all, the claimed defective construction work related to the project was performed by Zonko, and therefore is not a covered "occurrence".

42. The own work policy exclusion of the policy applies to the subject loss and the policy affords no coverage to Zonko's own work.

43. Under the terms of the Penn National policy there is no coverage for the claims in the Salt Meadows Superior Court suit to the extent the claims are to or arise out of Zonko's own work, not done by a subcontractor, thereby not triggering any Penn National policy.

WHEREFORE, Plaintiff Pennsylvania National Mutual Casualty Insurance Company demands that a Declaratory Judgment be entered ruling that:

(a) Penn National provides no liability coverage for any claims raised in the Salt Meadows Superior Court action.

(b) Penn National has no obligation to provide any defense or indemnity to Zonko for any claims raised in the Salt Meadows Superior Court action.

(c) If there is any covered claim, to what claims are covered under which Penn National policy period.

(d) If there is any covered claim, separate identification of any claimed damage related to that covered claim

## COUNT V
## THERE IS NO COVERAGE/EXCLUSION
## FOR CLAIMANT'S BREACH OF CONTRACT/WARRANTY CLAIMS

44. Plaintiff incorporates by reference the allegations of paragraphs 1 through 44 as being fully stated herein.

45. Count Two of the Salt Meadows Superior Court suit alleges claims for Breach of Contract.

46. Breach of Contract claims are excluded from coverage under the Penn National Policy as Breach of Contract damages as not arising from an "occurrence" or an "accident" and are excluded under the Penn National Policy under exclusion 2(b) which states in part:

2. **Exclusions**

(b) Contractual Liability
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. …

47. In Count III of the Salt Meadows Superior Court suit it alleges claims for Breach of an Express Warranty.

48. Breach of Express Warranty claims are excluded from coverage under the Penn National Policy as not arising from an "occurrence" or an "accident"  and are excluded under the Penn National Policy under exclusion k. (Damage To Your Product)  and l. (Damage To Your work) and m ( Damage to Impaired Property or Property not Physically Injured) and definitions 21 and 22  which defines  "Your Product"  and "Your Work" to include warranties and representations.

49. In Count IV of the Superior Court Salt Meadows Superior Court suit it alleged Breach of Implied Warranty.

50. Breach of Implied Warranty claims are excluded from coverage under the Penn National Policy as not arising from an "occurrence" or an "accident"  and are excluded under Policy as not arising from an "occurrence" or an "accident"  and are excluded under the Penn National Policy under exclusion k. (Damage To Your Product)  and l. (Damage To Your work) and m ( Damage to Impaired Property or Property not Physically Injured) and definitions 21 and 22  which defines  "Your Product"  and "Your Work" to include warranties and representations.

51. There is an identical language in the UL policy.

52. Under the terms of the Penn National policy there is no coverage for the claims in the Salt Meadows Superior Court suit to the extent the claims are for Breach of Contract, Breach of an Express Warranty or Breach of an Implied Warranty, thereby not triggering any Penn National policy

WHEREFORE, Plaintiff Pennsylvania National Mutual Casualty Insurance Company demands that a Declaratory Judgment be entered ruling that:

(a) Penn National provides no liability coverage for any claims raised in the Salt Meadows Superior Court action.

(b) Penn National has no obligation to provide any defense or indemnity to Zonko for any claims raised in the Salt Meadows Superior Court action.

(c) If there is any covered claim, to what claims are covered under which Penn National policy period.

(d)  If there is any covered claim, separate identification of any claimed damage related to that covered claim

## .  COUNT VI
## EXCLUSION FOR FUNGI OR BACTERIA

53. Plaintiff incorporates by reference the allegations of paragraphs 1 through 52 as being fully stated herein.

54. The Salt Meadows Superior Court suit includes claims for property damage caused by fungi, mold, and mildew.

55. The Penn National policy Excludes Coverage for fungi, mold and mildew damages under the Fungi or Bacteria Exclusion.

56. Under the terms of the Penn National policy there is no coverage for the claims in the Salt Meadows Superior Court suit to the extent the claims are based on damages caused by mold, mildew, mycotoxins, spores, scents, by products produced or released by Fungi, thereby not triggering any Penn National policy for those claimed losses.

WHEREFORE, Plaintiff Pennsylvania National Mutual Casualty Insurance Company demands that a Declaratory Judgment be entered ruling that:

(a) Penn National provides no liability coverage for any claims raised in the Salt Meadows Superior Court action.

(b) Penn National has no obligation to provide any defense or indemnity to Zonko for any claims raised in the Salt Meadows Superior Court action.

(c) If there is any covered claim, to what claims are covered under which Penn National policy period.

(d)  If there is any covered claim, separate identification of any claimed damage related to that covered claim

## COUNT VII
## EXCLUSION FOR DAMAGE TO PROPERTY

57. Plaintiff incorporates by reference the allegations of paragraphs 1 through 56 as being fully stated herein.

58. The Salt Meadows Superior Court suit includes claims for property damage, including claims for loss of use of the premises.

59. Under the terms of the Penn National Policy there is no coverage for the claims in the Salt Meadows Superior Court suit for property damage.

60. The Penn National Policy states:

2. **Exclusions**

m. **Damage to Impaired Property or Property not Physically Injured.**

"Property damage" to "impaired property or property that has not been physically injured, arising out of:
     (1) a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

n. **Recall of Products, Work, or Impaired Property**
Damages claimed for any loss, costs or expense incurred by . . .  others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal of:
(1) "your product".
(2) "your work"; or
(3) "impaired property"

61. There is an identical language in the UL policy.

62. Under the terms of the Penn National policy there is no coverage for the claims in the Salt Meadows Superior Court suit to the extent the claims are for excluded property damage.

WHEREFORE, Plaintiff Pennsylvania National Mutual Casualty Insurance Company demands that a Declaratory Judgment be entered ruling that:

(a) Penn National provides no liability coverage for any claims raised in the Salt Meadows Superior Court action.

(b) Penn National has no obligation to provide any defense or indemnity to Zonko for any claims raised in the Salt Meadows Superior Court action.

(c) If there is any covered claim, to what claims are covered under which Penn National policy period.

(d)  If there is any covered claim, separate identification of any claimed damage related to that covered claim.

REGER RIZZO & DARNALL LLP

*/s/ Arthur D. Kuhl, Esquire*
Arthur D. Kuhl, Esquire # 3405
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE  19803
(302) 477-7100
Fax: (302) 652-3620
Attorney for Plaintiff

Date:  March 25, 2021

14